UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11316-RGS

SCOTT DUBE

v.

WYETH BIOTECH

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

January 14, 2011

STEARNS, D.J.

On August 4, 2010, Plaintiff Scott Dube filed the underlying Complaint alleging a violation of Mass. Gen. Laws ch. 151B, the Massachusetts Anti-Discrimination in Employment Law (Chapter 151B). Dube alleges that his former employer, defendant Wyeth Biotech (Wyeth), terminated him without any reasonable effort to accommodate his various handicaps and medical conditions (sleep apnea, severe depression, anxiety, Obsessive Compulsive Disorder, Tourette's Syndrome, and tardive dyskinesia). The last act of discrimination alleged in the Complaint occurred on February 20, 2007. At the time the Complaint was filed, the three-year state statute of limitations had run. See Mass. Gen. Laws ch. 151B, § 5; Tardanico v. Aetna Life & Cas. Co., 41 Mass. App. Ct. 443, 444-445 (1996). In his response, Dube concedes that the Chapter 151B claim was untimely filed.

Dube's argument is that the Complaint as originally filed mistakenly cited Chapter 151B, an oversight corrected on October 28, 2010, when he filed an Amended Complaint "to indicate that Count I of the Complaint was for 'Violation of the [federal] Americans with Disabilities Act' ('ADA')." Pl.'s Resp. at 1. According to Dube, the federal ADA claim

operates in a curative fashion so as to make the original Complaint timely under the "relation back" provision of Fed. R. Civ. P. 15(c).

Because the ADA does not contain its own statute of limitations, a federal court will borrow the statute of limitations that applies to the state cause of action most analogous to a claim of discrimination under the ADA, provided it does not conflict with federal law or policy. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 118-119 (1st Cir. 2003). There is, however, a tolling provision of sorts under the ADA. Before bringing an ADA claim, a plaintiff must comply with the administrative procedures specified in Title VII, 42 U.S.C. § 2000e. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277-278 (1st Cir. 1999). These procedures require the filing of an administrative charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1). After a delay intended to permit an administrative conciliation of the charge, a plaintiff may request a Right-to-Sue Letter from the EEOC. He then has 90 days after the issuance of the Letter to file suit. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000(e-16(c). The 90-day period is jurisdictional, and the failure to file within the allotted 90 days is in most cases fatal. See Basch v. Ground Round, Inc., 139 F.3d 6, 9 (1st Cir. 1998).

Dube's Right-to-Sue Letter issued from the EEOC on May 10, 2010. He argues that had he correctly filed the original Complaint under the ADA as he intended, the August 4, 2010 filing would have been timely (at least for purposes of the federal claim). Consequently, he argues that under the relation back doctrine, the court should construe the October 28, 2010 filing of the Amended Complaint as correcting the "legal label" of the original Complaint, thus making it timely.

There are two difficulties with this argument. First, the weight of authority holds that where an original pleading is itself not timely, a later untimely amendment cannot cure the jurisdictional defect. See, e.g., Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005) ("In order to benefit from Fed. R. Civ. P. 15(c)'s 'relation back' doctrine, the original complaint must have been timely filed."). The First Circuit and the Massachusetts District Courts have not ruled directly on the issue. However, in the habeas corpus context, as Wyeth points out, the Massachusetts federal courts have uniformly held that the timely filing of an original petition is the sine qua non of a resort to the relation back rule. See, e.g., Evans v. Thompson, 465 F. Supp. 2d 62, 72 (D. Mass. 2006), aff'd, 518 F.3d 1 (1st Cir. 2008). Although a few rather dated Circuit cases have taken a contrary position, see, e.g., Caldwell v. Martin Marietta Corp., 632 F.2d 1184, 1188 (5th Cir. 1980), I agree with Wyeth that these cases cannot survive the reasoning of later authority or the Supreme Court's categorical statement in Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2489 (2010) that "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a *timely filed original pleading* and is thus itself timely even though it was filed outside an applicable statute of limitations." (Emphasis added).

Second, Dube's attempt to pass off the original filing as some kind of scrivener's error or clerical labeling mistake strains credulity. While the elements of the state and federal claims are very similar (but not identical), to mistake a federal ADA claim for a state Chapter 151B claim is on the order of mistaking a woolly mammoth for a reindeer. Moreover, the original Complaint did not invoke federal question jurisdiction, but rather was based on diversity of citizenship, a sure sign of an intention to prosecute a state claim in a federal forum – a telling admission that is not corrected in the Amended Complaint. Nor

3

did the original Complaint make any reference to the ADA, the EEOC, or the Right-to-Sue Letter. It states clearly instead that "[t]his [Complaint] is for Handicap Discrimination in violation of M.G.L. ch. 151B, § 4(16)." Compl. ¶ 31.[1]

ORDER

For the foregoing reasons, Wyeth's motion to dismiss on statute of limitations grounds is ALLOWED. The Clerk may now close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] Because the October 28, 2010 Amended Complaint was filed more than 90 days after the EEOC issued the Right-to-Sue Letter to Dube, it cannot stand on its own.